CLIFFORD K. MACMILLAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, RespondentMacMillan v. CommissionerDocket No. 23441-92United States Tax CourtT.C. Memo 1994-516; 1994 Tax Ct. Memo LEXIS 524; 68 T.C.M. (CCH) 955; October 17, 1994, Filed *524 Decision will be entered for respondent. Clifford K. MacMillan, pro se, and Jill Norton (specially recognized), for petitioner. For respondent: Elaine SierraGOLDBERGGOLDBERGMEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. 1 Respondent determined a deficiency in petitioner's Federal income tax for taxable year 1989 in the amount of $ 533. The issues for decision are: (1) Whether this Court has jurisdiction over other claims of respondent against petitioner; (2) whether petitioner is liable for a deficiency in tax as determined by respondent; and (3) whether petitioner is entitled to an abatement of interest accrued on the deficiency. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated by this *525 reference. Petitioner resided in Berkeley, California, when his petition was filed. On June 17, 1992, 2*526 respondent mailed petitioner a notice of deficiency, in which respondent determined a deficiency of $ 533. This deficiency is attributable to unreported interest income in the amount of $ 2,747, and an unreported State tax refund in the amount of $ 835. The unreported interest includes: 1. Columbus Savings   Acct. No. S635029782 (hereinafter "the Columbus account")Acct. Holder: Lou MacMillanSoc. Sec. No.: 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Interest$ 1,5982. Columbus SavingsAcct. No. S635007499Acct. Holder: Lou MacMillan 3Soc. Sec. No.: 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Interest$    633. Central Bank   Acct. No. 0065-139040 (hereinafter "the Central account")Acct. Holder: Lou MacMillanInterest$   394Soc. Sec. No.: 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Early Withdraw Pen.$    704. Western Federal SavingsAcct. No. 0000020400077301Clifford K. MacMillanSoc. Sec. No.: 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Interest$   6035. Western Federal SavingsAcct. No. 0000102557022917Clifford K. MacMillanSoc. Sec. No.: 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Interest$   403Petitioner filed a timely petition with this Court, in which he requests that all claims that respondent has, or may have against him through 1991, be joined with the present action. In addition, petitioner disputes the accuracy of certain accounts, denies ownership of others, and requests that all interest be abated due to respondent's delay in bringing this action. At trial, petitioner conceded his receipt of, and liability for, the unreported state tax refund, the interest from both Western Federal Savings accounts, and the interest from Columbus Savings account number S635007499. Petitioner denies ownership of the remaining accounts. With regard to petitioner's request to join any present and potential claims of respondent against him, petitioner bears the burden of proving that this Court has jurisdiction to decide such issues. . It is well established that our jurisdiction requires*527 a valid notice of deficiency and a timely filed petition. Sec. 6213(a); . Since no other petitions have been filed for taxable years other than the present year in issue, petitioner's request is denied. With regard to petitioner's liability for the deficiency, our decision turns on whether or not petitioner owned the Central and Columbus bank accounts in 1989. Respondent introduced 1099-INT forms from each bank, for the year at issue, to prove that petitioner owned the accounts and received unreported interest. Petitioner contends that he did not receive the 1099-INT forms and disputes the accuracy of such forms. In support of his contentions, petitioner introduced into evidence his 1988 Federal tax return, a notice of proposed changes to his 1988 return sent to him by respondent's Fresno service center, and a blank check from his Central bank checking account. On his 1988 return, petitioner reported $ 1,411.08 of taxable interest income; however, since he did not complete Schedule B, the document is not helpful to our determination regarding whether petitioner owned the disputed accounts. The 1988*528 notice of proposed changes, which petitioner paid without contest, listed the Western Federal Savings accounts, a Central account unrelated to this case, and a Cal America account that, when Cal America became Columbus Bank, was changed to the aforementioned Columbus account number S635007499. Petitioner does not dispute owning these accounts. Instead, he contends that the absence of the disputed accounts on the 1988 notice of proposed changes is evidence that he did not own the accounts in 1989. Petitioner also notes that the 1988 notice of proposed changes lists the Central account with the name "Richard Powel". Petitioner suggests that Richard Powel, unknown to petitioner, may be the true owner of the disputed accounts. Finally, petitioner introduced a blank check from his noninterest bearing checking account at Central Bank, in an attempt to distinguish between his Central account and the Central account in dispute. Beyond this circumstantial and questionably relevant evidence, petitioner was unable to explain why the 1099-INT forms would be issued, under his name and Social Security number, on accounts he did not own. Furthermore, signature cards were not introduced for*529 the disputed accounts, nor was testimony of Central or Columbus bank officers offered into evidence. The determination of respondent is presumed to be correct, and petitioner bears the burden of proving that respondent erred in her determination. Rule 142(a); . In light of respondent's production of the 1099-INT forms, and the lack of persuasive, substantive evidence presented by petitioner, we find that petitioner has failed to rebut the presumption of correctness of respondent's determination. Petitioner has requested an abatement of interest accrued on the deficiency. Petitioner argues that the accrual of interest is a result of respondent's delay in reviewing his returns and notifying him of his errors, and, therefore, he should not be held liable for such interest. Section 6404(e)(1) provides: (e) Assessments of interest attributable to errors and delays by internal revenue service. - (1) In general. -- In the case of any assessment of interest on -- (A) Any deficiency attributable in whole or in part to any error or delay by an officer or employee of the Internal Revenue Service (acting *530 in his official capacity) in performing a ministerial act, or (B) any payment of any tax described in section 6212(a) to the extent that any error or delay in such payment is attributable to such officer or employee being erroneous or dilatory in performing a ministerial act, the Secretary may abate the assessment of all or any part of such interest for any period. For purposes of the preceding sentence, an error or delay shall be taken into account only if no significant aspect of such error or delay can be attributed to the taxpayer involved, and after the Internal Revenue Service has contacted the taxpayer in writing with respect to such deficiency or payment. [Emphasis added.]It has been held that abatement of interest under section 6404(e)(1) is within the sole authority of respondent, and is beyond the scope of judicial review. . We have no jurisdiction to abate interest under section 6404(e)(1), even where an allegation is made that respondent unreasonably delayed the proceedings. 508 ;*531 . To reflect the foregoing, Decision will be entered for respondent. Footnotes1. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩2. In the stipulation of facts, the notice of deficiency was said to have been mailed on Sept. 23, 1992. This is incorrect and, as such, shall be disregarded.↩3. Petitioner conceded that, at all times relevant herein, he used the name "Lou MacMillan" and held certain accounts under that name.↩